IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Leon S. Westberry, ) | Civil Action No.: 4:12-cv-03568-RBH |
| ) | Criminal No.: 4:10-cr-00093-RBH-1 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Pending before the Court is Leon S. Westberry's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's Motion to Vacate is dismissed.[1]

## **Procedural History and Factual Background**

On September 29, 2010, after a two-day bench trial, the Court found Petitioner guilty on all thirty-six counts of an indictment alleging Petitioner made various false statements in violation of 18 U.S.C. § 1001. In a judgment entered on June 7, 2010, this Court sentenced Petitioner to sixty months imprisonment and a total of three years supervised release.

Petitioner appealed to the Fourth Circuit, which affirmed Petitioner's conviction. Within a year of the Fourth Circuit's mandate, Petitioner, who is represented by counsel, filed the instant Motion to Vacate. The Government filed a Motion for Summary Judgment, alleging that Petitioner's Motion was without merit. Additionally, Petitioner's primary defense attorney at trial, Joshua Snow Kendrick,

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *United States v. Burton,* 26 Fed. App'x 351 (4th Cir. 2002); *see also United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

and a defense attorney who assisted Mr. Kendrick, William W. Watkins, Sr., each filed affidavits regarding their performance in the case. Petitioner timely filed a Response in Opposition.[2]

## Grounds for Petition

Petitioner's Motion to Vacate alleges the following grounds for relief:

- Ground 1: Counsel was ineffective in failing to argue that Petitioner's statements were excluded under the judicial function exception contained in 18 U.S.C. § 1001; and

- Ground 2: Counsel was ineffective in failing to communicate the terms of a potential plea offer until after trial.

[Mot. to Vacate, Doc. # 103, at 4–5.]

## Applicable Law

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [ ] claim showing disputed material facts and a credibility determination is necessary to

---

[2] It is undisputed that Petitioner's Motion to Vacate was timely filed within the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

resolve the issue." *United States v. Coon*, 205 Fed. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 Fed. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.' " *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Petitioner's Motion to Vacate alleges ineffective assistance of counsel. Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Constitution. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686, (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness," *id*. at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. A

reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id.*

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id*. A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

## Analysis

For the reasons discussed below, Summary Judgement is granted as to Ground One and denied as to Ground Two.

### I. Ground One: Judicial Function Exception

Petitioner argues in Ground One that his counsel failed to raise the judicial function exception to in 18 U.S.C. § 1001. Pursuant to 18 U.S.C.A. § 1001(a)(2), a defendant may not, in any matter within the jurisdiction of the judicial branch, make any materially false statement or representation. This section does not apply, however, "to a party to a judicial proceeding . . . for statements, representations, writings or documents submitted by such party . . . to a judge or magistrate in that proceeding." 18 U.S.C. § 1001(b). Although it is undisputed that Petitioner's trial

counsel did not raise the judicial function exception, Petitioner has failed to show his counsel was ineffective for not doing so.

As noted by the affidavits of Petitioner's trial counsel, the failure to raise the judicial function exception was a strategy decision. [*See* Kendrick Aff., Doc. # 111, at ¶¶ 1–7; Watkins Aff., Doc. # 113, at ¶¶ 14–17.] According to Mr. Kendrick, the trial strategy was that the statements made by Petitioner were either not made to the probation officer or that the probation officer interpreted them incorrectly. [Kendrick Aff., Doc. # 111, at ¶ 6.] Thus, arguing for the judicial function exception would have weakened Petitioner's defense, which was that the statements at issue were simply not made. [*Id*. at ¶ 7.] Mr. Watkins sheds further light on this issue, explaining that they did not believe the Court or the Fourth Circuit would accept the defense, and that the defense would weaken Petitioner's testimony by admitting that Petitioner had in fact made certain statements to the probation officer. [Watkins Aff., Doc. # 113, at ¶ 14.] More importantly, Mr. Watkins had a concern that the Government "may just charge him differently and the new charges could mean he would be exposed to more than five years." [*Id*.] "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy . . . ." *Strickland*, 466 U.S. at 689. Petitioner has offered little beyond strategic disagreement to challenge counsels' decisions not to raise the judicial function exception. While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. This is especially so considering that, as the Fourth Circuit itself noted in ruling on Petitioner's appeal, the Fourth Circuit has not addressed the judicial function exception in a published opinion, there is a split in other circuits as to whether it would apply in cases similar to Petitioner's, and any failure to apply the judicial function exception in

Petitioner's case was not plain error. *United States v. Westberry*, 491 F. App'x 364, 365 (4th Cir. 2012).

Alternatively, Petitioner's allegation on this point fails because, at the time of Petitioner's trial and sentencing, the limited Fourth Circuit authority on point would have given defense counsel no reasonable basis to argue that the judicial function exception applied. At a minimum, given the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, there was certainly a reasonable basis to believe the Court would reject the judicial function exception. Moreover, Petitioner fails to show prejudice because, as discussed below, the Court would have rejected any invocation of the judicial function exception.[3]

Petitioner argues that the false statements alleged in his indictment cannot serve as the basis for his convictions under § 1001, and his counsel was ineffective for not raising this defense, because his monthly reports and other statements to his probation officer were submissions to a judge in a judicial proceeding and thus exempt from prosecution under § 1001(b). The Court finds that Petitioner's argument is unavailing. First, the Court notes that, although the judicial function exception has been around in one form or another for decades, the Fourth Circuit "has not construed the judicial function exception in the context of statements made to a probation officer." *Westberry*, 491 F. App'x at 365. To the contrary, in at least three unpublished opinions – not including the opinion affirming Petitioner's conviction – the Fourth Circuit affirmed a conviction under 18 U.S.C. § 1001 for lying to a probation officer. *See United States v. Patterson*, 70 F. App'x 727, 728–30 (4th Cir. 2003); *United States v. Simms*, No. 93-5874, 1995 WL 19337 (4th Cir. Jan. 19, 1995); *Untied States v. Selbe*, No. 92-5717, 1994 WL 284014 (4th Cir. June 27, 1994).

---

[3] The Court notes that this Order does not specifically address *whether* the judicial function exception applies to statements made to probation officers. Rather, the Court is addressing rather, in light of the case law on point, Petitioner's counsel was ineffective for *not raising* the judicial function exception.

In arguing his counsel was ineffective, Petitioner relies heavily on *United States v. Horvath*, 492 F.3d 1075,1076 (9th Cir. 2007), in which the Ninth Circuit addressed whether the judicial function exception "encompasses a false statement submitted to the judge in a presentence report ("PSR"), when the defendant in a criminal proceeding made the false statement to the probation officer during the defendant's presentence interview rather than to the judge directly." The court held "that *when, but only when, the probation officer is required by law to include such a statement in the PSR* and to submit the PSR to the judge, the statement falls within the exception in § 1001(b)." *Id*. (emphasis added). Here, Petitioner made false statements to his probation officer in his monthly supervision reports and in conversations with his probation officer during supervision meetings. The probation officer was not required to pass along the monthly reports unless Petitioner reported a change in his income. In fact, because Petitioner reported no income changes, the probation officer did not forward any of Petitioner's false statements to the Court. Thus, the probation officer here was not a conduit or intermediary between Petitioner and the judge in the same manner as the probation officer and defendant in *Horvath*. Accordingly, even looking to the Ninth Circuit's reasoning in *Horvath*, this Court cannot say Petitioner's counsel was ineffective for not raising the judicial function exception.

In fact, it would have been reasonable for counsel to find the facts of Petitioner's case more like those presented in *United States v. Manning*, 526 F.3d 611 (10th Cir. 2008). In *Manning*, the defendant had pled guilty to misappropriating funds as a fiduciary and had been ordered to pay $26,437.34 in restitution. *Id.* at 612. Manning failed to include his $40,000 401(k) retirement account in his statement of net worth, which the probation officer used to prepare the PSR and to calculate a suggested restitution award. *Id*. The Tenth Circuit held "that the plain language of § 1001(b) does not apply to Mr. Manning's false statement and that the legislative history does not support an exemption for his false statement to a probation officer in this context." *Id*. at 614. The

7

court noted that the House Report for the 1996 legislation adding subsection (b) to § 1001 explained that the judicial function exception does not apply "to representations made to a court acting in its administrative capacity . . . includ[ing] the submission of information to another entity within the judicial branch, such as the probation service." *Id.* at 617-18 (quoting H. Rep. 104-680, 104th Cong., 2nd Sess. 1996, 1996 U.S.C.C.A.N. 3942–43). Finally, the court observed that "Congress did not intend to allow defendants to avoid restitution obligations through lies or misrepresentations made to a probation officer." *Manning*, 526 F.3d at 620.

In light of the above, Petitioner has failed to show that it was unreasonable for his counsel to raise the judicial function exception, or that there is a reasonable probability that the result of his case would have been different had his attorney raised this issue at trial.

## II.  **Ground Two: Failure to Communicate Plea Offer**

Petitioner's Second Ground alleges that trial counsel did not communicate the terms of any plea discussions until after Petitioner was found guilty and taken into custody. The Court denies Ground Two.

In 2012, the Supreme Court decided *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) and *Missouri v. Frye*, 132 S. Ct. 1399 (2012). In those cases, the Supreme Court held that a defendant's Sixth Amendment right to effective assistance of counsel extends to the plea-bargaining process. *Lafler,* 132 S. Ct. at 1384; *Frye*, 132 S. Ct. at 1408. Under those cases, the Court explained that as a general rule defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. *Id.*

However, even a Petitioner establishes that his counsel failed to communicate a plea offer, he must still establish prejudice. That is, Defendant must show that but for the ineffective assistance of counsel, there is a

> reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have

withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 132 S.Ct. at 1385.

The Court rejects Petitioner's argument that trial counsel did not communicate the terms of any plea discussions.

The affidavits of *both* trial attorneys show in specific detail that Petitioner was advised of the Government's plea offer. Mr. Kendrick's affidavit explains that the Government offered a plea to one count of the indictment, which in Mr. Kendrick estimation would have resulted in a sentence of approximately three years. [Kendrick Aff., Doc. # 111, at ¶ 13.] Mr. Kendrick's affidavit goes into detail explaining that he began negotiating a plea with the Government prior to trial and that he communicated these offers to Petitioner. [*Id*. at ¶¶ 11–15.] However, Petitioner never authorized Mr. Kendrick to accept any plea that involved jail time. [*Id*. at ¶ 16.] Mr. Watkins's affidavit is equally detailed. [*See* Watkins Aff., Doc. # 113, at ¶¶ 10–17.] As Mr. Watkins explains in his affidavit, Petitioner refused to plead guilty even after both Mr. Watkins and Mr. Kendrick explained the plea offered by the Government and urged Petitioner to accept the plea. [*Id*. at ¶¶ 10–13.]

In response, Petitioner, offers nothing more than conclusory allegations attacking his trial attorneys. In two declarations filed in conjunction with the Motion to Vacate, Petitioner merely makes the bald statement that Mr. Kendrick did not communicate the plea offer prior to trial, and simply says without any explanation that certain paragraphs of Mr. Watkins's affidavit are false. [*See* Westberry First Decl., Doc. # 103-5, at 2; Westberry Second Decl., Doc. # 118, at 1.] In fact, Petitioner does nothing to attack Mr. Watkins's affidavit beyond the use of the word "untrue." *See Strong*, 495 F.3d at (4th Cir. 2007) (holding that conclusory allegations contained within affidavits

do not require a hearing); *United States v. Leak*, 123 F.3d 787, 796 (4th Cir. 1997) (holding that a party may not defeat summary judgment "with only [a] bare, unexplained claim").

Alternatively, to the extent the Court treats Petitioner's declarations as sufficiently alleging that trial counsel did not communicate the terms of any plea discussions, his claim nonetheless fails as it is "inherently incredible."*Arredondo*, 178 F.3d at 782 (quoting *Engelen*, 68 F.3d at 240). Petitioner was convicted by the Undersigned at a <u>*bench trial*</u> on thirty-six counts of lying to a probation officer. The Court specifically found in its Findings of Facts and Conclusion of Law that "Westberry testified in his own defense. He was not credible." [*See* Order, Doc. # 76, at 26.] Moreover, at sentencing the Court found that an enhancement for perjury was applicable to Petitioner's case, explaining as follows: "[Petitioner] lied at every turn, at every opportunity, to probation. The Government has cited to some instances in the record, but there are many instances in the record. . . . I think that [his] testimony was perjurious." [*See* Sent. Tr., Doc. # 98, at 27:7–19.] Even in his declarations in the current case, Petitioner admits that there is some truth to Mr. Watkins's statements that documents in a prior case showed Petitioner was lying and that Petitioner complained because Mr. Watkins did not tell him to lie about his use of alcohol. [*See* Westberry Second Decl., Doc. # 118, at 1.] It would not be an overstatement to say that Petitioner is a documented liar, and as such, his bare-bones assertion is "inherently incredible."

The Seventh Circuit Court of Appeal, in affirming a district court's denial of a motion to vacate, has applied similar logic.

> The district court also made a determination that [petitioner's] affidavit was insufficient to meet his burden of showing that he was not warned of the risks of testifying, and found that [petitioner's] statements lacked credibility. The district court found that [petitioner] "is an admitted perjurer, having lied under oath numerous times in his divorce and bankruptcy proceedings." The court also found that his claim was unsupported by the record as Thompson acknowledged his history of lying and fraud on direct examination. We normally "accord the district court's credibility findings exceptional deference," *Tezak v. United States*, 256 F.3d 702, 715 (7th Cir. 2001), but such deferential review comes after the district court has

> held an evidentiary hearing, *see, e.g.*, *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010). Where the only evidence before the district court consists of conflicting, sworn affidavits, this court has held that "a determination of credibility cannot be made on the basis of an affidavit." *Daniels v. United States*, 54 F.3d 290, 295 (7th Cir. 1995) (citing *Castillo v. United States*, 34 F.3d 443, 445 (7th Cir. 1994)). However, in this case, the credibility determination was not based on [petitioner's] affidavit, it was based on [petitioner's] previous commissions of perjury and his conduct at trial, a trial for which the district court judge was present. Accordingly, we do not disturb the district court's credibility determination, nor do we find the district court's denial of an evidentiary hearing on this matter to be an abuse of discretion.

*Thompson v. United States*, 436 F. App'x 669, 675–76 (7th Cir. 2011). In addition to failing to show that his counsel acted unreasonably, Petitioner fails to show he was prejudiced. Nowhere in his declarations does Petitioner deny the statements by Mr. Kendrick that Petitioner "never authorized" him "to agree to a plea that involved the possibility of prison time." [Kendrick Aff., Doc. # 111, at ¶ 16.] Petitioner's declaration regarding Mr. Kendrick simply states he "was willing to accept a plea in lieu of trial." [Westberry First Decl., Doc. # 103-5, at ¶ 3.] Yet Petitioner conveniently avoids even addressing head on his attorney's assertion that he would only plead to an offer that did not involve prison time. The record is clear that the Government never offered a plea that did not involve prison time. *See, e.g.*, *Lafler*, 132 S.Ct. at 1385 (requiring a reasonable probability that the defendant would have accepted the plea). Petitioner's claim for ineffective assistance of counsel in Ground Two is without merit.

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief

on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## Conclusion

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is without merit, and that no evidentiary hearing is needed.

Based on the foregoing, **IT IS ORDERED** that Respondent's Motion for Summary Judgment [Doc. # 112] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate [Doc. # 103] is **DISMISSED** and all pending motions are **DENIED**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
October 31, 2013